# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 10-21322-CIV-MORENO/TORRES

HENRY WOOD,

       Plaintiff,

vs.

LUCAR CORPORATION, LLC, a
Delaware limited liability company; and
AIRCRAFT TRUST & FINANCING
CORPORATION, a Delaware corporation,
as Trustee of LUCAR CORPORATION,
LLC,

       Defendants.

_____/

LUCAR CORPORATION, LLC,

       Counter-Plaintiff,

vs.

HENRY WOOD,

       Counter-Defendant.

_____/

## REPORT AND RECOMMENDATION

     This matter is before on various pending motions in the case and the Court's review of the record. Following the filing of the action, Defendant Aircraft Leasing moved for dismissal for lack of personal jurisdiction. [D.E. 5]. Defendant Lucar answered the complaint and filed a counter-claim of its own against Plaintiff Wood. [D.E. 6]. At that point, Plaintiff through counsel moved to dismiss his own claims

against the Defendants with prejudice [D.E. 29], presumably upon being presented with Defendants' arguments why Plaintiff's claims were frivolous as evidenced through Defendants' pending Rule 11 motions [D.E. 40, 41]. Plaintiff also moved for an extension of time to answer the counter-claim, which the Court granted [D.E. 37]. Plaintiff's counsel simultaneously moved to withdraw as counsel or Plaintiff, to which no response was filed by the Plaintiff. That motion was also granted on July 5, 2010 [D.E. 37].

Since these events occurred, Plaintiff/Counter-defendant Wood has not responded in opposition to or seek the withdrawal of the motion to dismiss his own claims against the Defendants, nor has he filed any response or answer to Lucar's counter-claim against him. As a result, Lucar filed a motion for entry of default judgment on the counter-claim [D.E. 44], together with a motion for Rule 11 sanctions against the Plaintiff for allegedly frivolous claims that were raised in the complaint [D.E. 40]. Defendant Aircraft Trust & Finance Corp. filed its own motion for Rule 11 sanctions as well. [D.E. 41].

To ensure that the pro se Plaintiff/Counter-Defendant was fully informed of the status of this case, and to warn him that failure to respond would result in the dismissal of his claims and the entry of default judgment on the counterclaim, the Court issued an Order on July 18, 2010, that provided Mr. Wood due notice of the relief contemplated in the record. Defendant Lucar subsequently filed a notice certifying compliance with the Court's directive that the Order be delivered to Mr. Wood via U.S. mail and U.P.S. Consequently, Mr. Wood had until August 13, 2010, to file any response in opposition to these motions. That date has come and gone, however, and

no response or opposition has been provided to the Court why these motions should not be granted.

Accordingly, it is hereby **RECOMMENDED:**

1.      Plaintiff's Motion to Dismiss [D.E. 29], filed by Plaintiff's then counsel of record, should be granted and all of Plaintiff's claims dismissed in their entirety with prejudice.

2.      Counter-plaintiff's Motion for Default Judgment [D.E. 44] should be granted and judgment entered against Counter-Defendant Henry Wood for the relief requested in the motion.  Specifically, Counts 1 through 6 of the counter-claim should be dismissed without prejudice as Mr. Wood returned the Aircraft's log books, which were the subject of those counts.  Final Judgment should be entered as to Count 7 of the Counter-claim against Counter-Defendant Henry Wood, in favor of Counter-Plaintiff Lucar, for the total amount of $65,244.20 for, which execution should issue.  The Court's review of the supporting affidavit and the record shows that there is ample evidence in the record to support the requested amount.

3.      Defendants' Motions for Rule 11 Sanctions [D.E. 40, 41] should be granted but only against Plaintiff Henry Wood.  Plaintiff's counsel moved to dismiss the complaint before the motions for sanctions were filed in the court record, thus obviating any factual or legal basis for the Court to sanction Plaintiff's counsel.  The most appropriate relief on the motions would be dismissal of the claims, which relief is being recommended.  With respect to attorneys' fees, which appear to be limited to defensive motions filed by the Defendants prior to the dismissal of the complaint, the movants

did not provide the Court with any application for specific amounts, and thus none are being recommended here.

4.    Pursuant to Local Magistrate Rule 4(b), the parties may serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).  In light of the imminent status hearing set by the Court, and given the need to expedite matters as no timely response has been filed to date by Plaintiff on the pending motions, the Court finds good cause to expedite the response period.  *Any objection to this Report and Recommendation must be filed of record no later than August 20, 2010.*

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 16th day of August, 2010.

EDWIN G. TORRES
United States Magistrate Judge